IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEEANN M. SIMMERMAN,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 15-cv-00661-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Leeann M. Simmerman's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court dismisses the Petition for lack of jurisdiction.

1. **Background**

On May 7, 2014, Petitioner pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. *See United States v. Simmerman*, Case No. 14-cr-40008 (Doc. 77). On July 30, 2014, the undersigned Judge sentenced Petitioner to 108 months imprisonment, three years supervised release, a $100 special assessment, and a $100 fine. (Doc. 163, 14-cr40008). A notice of appeal (Doc. 354) was filed on May 29, 2015, and this matter is currently on appeal.

2. **Analysis**

Section 2255(a) states that a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." The statute places no time restriction on how early a convicted defendant may file a § 2255 motion. However, it is well-established that, while there is no *jurisdictional* bar to a district court's consideration of a § 2255

motion while the associated criminal case is on direct appeal, *DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988), the district court should refrain from exercising that jurisdiction unless there are extraordinary circumstances, *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). This is because the disposition of the appeal may render the § 2255 motion moot. *Id.* In deciding whether to exercise jurisdiction over a § 2255 motion while an appeal is pending, courts should balance the need for speedy relief against the need to economize on judicial resources. *Id.*

Petitioner asserts "ineffective council" but provides no further details.  She also indicates that she appealed her conviction and it was denied on 6/12/2015.  However, there is no indication from the Appellate Court that it has ruled on Petitioner's appeal.  She further states that she did not seek any additional appeals because, "I did not know how to do it . . . Nor did I know their was a time phrame." (Doc. 1)

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if, "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. In this matter, as stated above, Petitioner does not list a single act or omission of her counsel and it appears that Petitioner may be uninformed pertaining to her appeal status. The disposition of the appeal may render the § 2255 motion moot or would provide speedy relief if appropriate. Further, the judicial resource of this Court would be better utilized on a fully developed matter with sufficient factual details to determine the alleged deficiency of counsel.

**Conclusion**

Accordingly, the Court believes that this motion is premature and declines to exercise jurisdiction. Petitioner Leeann M. Simmerman's Motion to Vacate, Set aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:**  6/22/2015

                                          *s/J. Phil Gilbert*
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**